IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DANIELS, | : | CIVIL NO. 1:CV-05-1601 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DONALD KELCHNER, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

I.  **Background**

Keith Daniels, an inmate at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2005. Named as Defendants are the following employees at the State Correctional Institution at Camp Hill, Daniels' former place of confinement: Donald Kelchner, Superintendent; Terrance T. Rosenberger, Lieutenant; Allan J. Webb, Sergeant; and Ray W. Bloor; Larry Twigg; Jeffrey Alba, Walter Cousins, Anthony J. Alianiello; and someone identified as "D.U. Zimmerman," all correctional officers.[1] In the complaint Plaintiff alleged that on August 13, 2003, while he and his cellmate were on their way to see the nurse, he heard "the sergeant" yell "You Mother F***** D*** Head Nigga!" (Doc. 1, Compl. at 2.)  Daniels responded back to the officer and was told to go to his cell by Defendant Bloor.  Upon doing so, Plaintiff claims that he was "attacked by about five officers." (Id.)  He alleges that he was forced to the ground, handcuffed and kicked in the back, face and ribs.  He further contends that other officers arrived and began kicking and choking him.  At this point Defendant Bloor punched him in the face.  Plaintiff requested injunctive and compensatory relief.

---

[1] The court uses the corrected spellings of several of the Defendants' names as provided by counsel for Defendants.

On July 14, 2006, a Memorandum and Order was issued in response to a motion to dismiss the complaint filed by seven (7) of the nine (9) defendants.[2] (Doc. 25.) The motion was granted and Plaintiff afforded twenty (20) days within which to file an amended complaint in this case.[3] He was further advised that if he included Zimmerman as a defendant in the amended complaint, he must correctly identify this defendant. Following two (2) enlargements of time, Plaintiff filed his amended complaint on September 5, 2006. (Doc. 31.) In the amended complaint, he sets forth claims against all of the defendants named in the original complaint, with the exception of Defendant Kelchner, now identifies defendant Zimmerman as "Correctional Officer D.A. Zimmerman, and adds John Amdrade, Hearing Examiner at SCI-Camp Hill, as a defendant. He sets forth how the defendants were personally involved in the violation of his constitutional rights.

Pending before the court is the amended complaint for screening, as well as the following motions filed by Plaintiff: (1) motion for appointment of counsel (Doc. 30); (2) motion to compel discovery (Doc. 33); and (3) motion for enlargement of time to file the amended complaint in compliance with the court's July 14, 2006 Memorandum and Order (Doc. 25).

**II.   Discussion**

Plaintiff's motion for enlargement of time to file his amended complaint (Doc. 25) will be denied as moot. This motion is dated August 23, 2006, and Plaintiff thereafter filed the amended

---

[2] Defendant Bloor had filed an answer to the complaint on November 18, 2005, and service of the complaint was never achieved on the defendant identified by Plaintiff as "D.U. Zimmerman." In the motion to dismiss, counsel for defendants informed the court that no such person was employed at SCI-Camp Hill, but that two other employees with the last name of "Zimmerman" did work there.

[3] The original complaint failed to set forth specific allegations as to how each of the named defendants were personally involved in the deprivation of his constitutional rights.

complaint presently before the court for screening on September 5, 2006.  Plaintiff's motion to compel discovery (Doc. 33) will be dismissed without prejudice as it relates to discovery requests Plaintiff states he served on July 28, 2006, with regard to the allegations as set forth in the original complaint.  The matter no longer proceeds on the original complaint as it has been dismissed, and an amended complaint has been submitted to the court.  Further, it appears from the docket that Plaintiff has prepared new discovery requests since the filing of the amended complaint.[4]  Service of the amended complaint will be directed on defendant D.A. Zimmerman and John Amdrade, newly named defendant.  The other defendants previously named in the original complaint will be directed to file a response to the amended complaint within twenty (20) days.

The court will also deny Plaintiff's motion for appointment of counsel without prejudice at this time.  (Doc. 30.)   It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741

---

[4] Plaintiff filed with the court on September 19, 2005, a request for interrogatories and for the production of documents.  (Doc. 36.)  There is no evidence that these requests were ever served upon the defendants named in the amended complaint.  The Clerk of Court will be directed to strike this filing from the record and return it to Plaintiff as discovery requests are generally not filed with the court unless pursuant to a directive from the court.  See M.D. Pa. Local Rule 5.4(b).

F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  This case is in the early stages, as an amended complaint was recently filed and has not yet been served upon two (2) of the named defendants. Plaintiff alleges violations of his Eighth Amendment rights.  He contends that he was subjected to excessive force as well as denied adequate medical treatment, food, clothing , water, ventilation and housing.  As of this date, the remaining defendants named, who were all named in the original complaint, have not filed a response to the amended complaint. Further, a weighing of the other pertinent factors militate against appointment of counsel at this time.  Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In support of his motion for counsel, Plaintiff sets forth general arguments that his case has merit, he is unable to afford counsel, he lacks knowledge of the law and the appointment of counsel would save time and money.  (Doc. 30.)

The issues involved in this action are straightforward, involving the application of established

4

legal principles to the factual situation at hand.  Plaintiff has thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file an amended complaint and motions in this case which are understandable.  As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice.  Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**III.   Order**

**AND NOW, THEREFORE, THIS 5th DAY OF JANUARY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. This matter proceeds on the amended complaint filed by Plaintiff on September 5, 2006 (Doc. 31).  Defendant Kelchner is no longer named as a defendant and will be dismissed from this action.  The Clerk of Court is directed to make the appropriate notation to the docket.

2. The United States Marshal is directed to serve a copy of the amended complaint on Defendants D.A. Zimmerman and John Amorade.

3. The remaining defendants named in the amended complaint are directed to file a response to the complaint within twenty (20) days.

4. Plaintiff's motion for enlargement of time within which to file his amended complaint (Doc. 37) is denied as moot.

5. Plaintiff's motion to compel discovery (Doc. 33) is dismissed without prejudice.

6. The Clerk of Court is directed to strike and return to Plaintiff his discovery requests filed with the court on September 19, 2006 (Doc. 36).

7. Plaintiff's motion for the appointment of counsel (Doc. 30) is denied without prejudice.

 s/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania