IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DANIELS, | : | CIVIL NO. 1:CV-05-1601 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DONALD KELCHNER, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

**I.     Background**

Keith Daniels, an inmate at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2005.  The matter proceeds on an amended complaint filed September 5, 2006.  (Doc. 31.)  Named as Defendants are the following employees at the State Correctional Institution at Camp Hill, Daniels' former place of confinement: Terrance T. Rosenberger, Lieutenant; Allan J. Webb, Sergeant; and correctional officers Ray W. Bloor, Larry Twigg, Jeffrey Alba, Walter Cousins, Anthony J. Alianiello and Derrick A. Zimmerman.  Also named as a Defendant is John Amdrade, Hearing Examiner. In the amended complaint Plaintiff alleges that on August 13, 2003, while on his way for blood work, he was subjected to excessive force by Defendants.  He claims that he was jumped on, choked, slammed into the ground, punched and kicked at first by Defendants Twigg and Bloor while the others failed to intervene, and thereafter by all of the Defendants, with the exception of Amdrade.  He further alleges that he was denied medical treatment for his injuries and issued three (3) false misconduct reports and deprived of due process with regard to the hearings on the reports, all for the purpose of covering up the assault.  He further contends that following the assault he was placed in the solitary confinement unit where he was deprived of food, sanitary conditions and

legal/religious material.[1]

Presently pending are Defendants' motion for enlargement of time within which to respond to Plaintiff's second discovery requests (Doc. 42), as well as Plaintiff's motion to compel (Doc. 45), motion for an Order directing Plaintiff to submit to a physical examination (Doc. 53) and third motion for the appointment of counsel (Doc. 60).

**II.    Discussion**

     A.     Motion for Appointment of Counsel

Pending is Plaintiff's third request for the appointment of counsel in this case. The prior two motions were denied by the Court on December 1, 2005 and January 8, 2007. (Docs. 16, 44.) As the Court has previously stated, it is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

---

[1] The conditions alleged by Plaintiff include filth, a blocked toilet, feces on the walls, water stains, no mattress, bedding or toiletries and no clean clothes for two (2) weeks. He claims he was not fed for two (2) weeks, and then deprived food many times over the remaining six (6) months while housed in this unit.

2

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Although the amended complaint was filed some time ago, discovery has been taking place and dispositive motions have not yet been filed. As found in our earlier Memorandums, a weighing of the other pertinent factors militate against appointment of counsel at this time.  Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In support of his third motion for counsel, Plaintiff again advances most of the same arguments which have previously been found not to warrant the appointment of counsel at this time. These arguments include that the case has merit, Plaintiff is unable to afford counsel and lacks knowledge of the law and that the appointment of counsel would save time and money.  The basis for denying the earlier counsel motions was that the issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand.  Plaintiff had also thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file an amended complaint and motions in this case which are understandable.  While the previous motions were denied, the denial was without prejudice in

3

that should future proceedings demonstrate the need for counsel, the matter could be reconsidered, either sua sponte or upon a motion properly filed.

The main new argument advanced by Plaintiff in the instant motion is that he has been receiving assistance all along in litigating this action from a fellow inmate who is no longer able to help him. While remaining anonymous, the fellow inmate states that he is busy with his own litigation and cannot assist Plaintiff any longer. He states that Plaintiff will need help, as he claims is evident when comparing the original complaint in this action (prepared by Plaintiff without assistance) and the amended complaint (prepared by the assisting inmate). However, even though the original complaint in this action was dismissed with leave to file an amended complaint, it clearly reveals that Plaintiff is literate and able to present his own case. While Plaintiff is concerned about his ability to conduct discovery in this case, he has already submitted two discovery requests to Defendants and discovery will soon be concluded. Any concern about trial preparation such as obtaining experts and other witnesses is premature at this time. Accordingly, the Court finds that the appointment of counsel is still not warranted in this case. However, the motion will again be denied without prejudice to reconsider the matter at a later stage in the proceedings.

      B.      Discovery Issues

On December 11, 2006, Defendants filed a motion seeking an extension of time within which to respond to Plaintiff's second set of discovery requests (Doc. 42). This motion is still pending. Subsequent thereto, Plaintiff filed a motion to compel discovery on January 26, 2007, relative to the second set of requests. (Doc. 45.) This motion is fully briefed.

On November 2, 2006, Plaintiff served his second set of discovery requests upon Defendants. The requests were received by defense counsel's office on November 6, 2006. A response to the

requests would therefore be due on December 5, 2006.  According to defense counsel, he was out of town in trial at this time and thereafter left on an extended vacation, not returning to the office until December 18, 2006.  Due to defense counsel's absence from the office, another attorney in the office sent Plaintiff a letter on November 30, 2006, prior to the deadline for responding to the discovery requests, seeking his indulgence in agreeing to enlarge the time period to respond until December 28, 2006.  On December 11, 2006, defense counsel's office received a letter from Plaintiff stating that he would not agree to an enlargement of time.  As a result, a motion was filed with the Court that same day by an attorney in the office explaining the circumstances surrounding defense counsel's absence, Plaintiff's refusal to agree to an enlargement and requesting an extension of time until December 28, 2006 to respond to the outstanding requests.  (Doc. 42.)  This is the motion which is still presently pending before the Court.

Upon defense counsel's return to the office on December 18, 2006, he first learned of the second set of discovery requests and his office's unsuccessful attempt to seek agreement on the part of Plaintiff to extend the deadline.  Although the Court had not yet ruled upon the outstanding motion filed by his office to extend the time, defense counsel submitted responses to the discovery requests on December 28, 2006, the date requested in the motion for doing so.

In the motion to compel filed by Plaintiff on January 26, 2007, he sets forth two arguments. The first is that because defense counsel did not serve his responses to the discovery requests within the required time period, any objections to the discovery requests are waived.  Pursuant to Federal Rule of Civil Procedure 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."  In examining the facts of the instant case, the court finds that Defendants have demonstrated good cause for the failure to serve

5

the discovery responses by December 5, 2006, the original due date.  The combination of factors set forth above - - defense counsel's absence from the office followed by an extended trip and unawareness of the requests, the unsuccessful attempt by another attorney to secure Plaintiff's agreement to a short extension of time, the filing of a formal motion for enlargement by said attorney with the court in defense counsel's absence and the fact that defense counsel supplied responses to Plaintiff upon his return and by the date sought in the motion for enlargement - - all warrant a finding that Defendants' waiver of objections should be excused for good cause shown.  The bottom line is that Plaintiff refused to agree to a short enlargement of time from December 5, 2006 until December 28, 2006, received responses by December 28, 2006, and has failed to demonstrate any prejudice by the late submission.  As such, Plaintiff's argument that the motion to compel should be granted on the basis that Defendants waived their objections is denied.[2]

The second portion of Plaintiff's motion to compel attacks the objections raised by Defendants to his discovery requests.  Plaintiff's second set of discovery requests sets forth five (5) separate requests.  In Request #1, he asks whether any of the persons named in the amended complaint have ever been charged with or had a grievance complaint filed against them for assaultive behavior against any inmate at any prison.  If so, Plaintiff requests certain details regarding the incident and any supporting documentation.  Defendants fully respond to this request by setting forth all names of the relevant defendants, the grievance numbers, the inmate's name who filed the grievance and the inmate's number.  Plaintiff is further advised that copies of the listed grievances will be provided to him at a mutually convenient time.  Clearly, Defendants have

---

[2] Based on the foregoing, Defendants' motion for enlargement of time to submit responses that was filed on December 11, 2006 (Doc. 42) and is still pending on the docket will be granted nunc pro tunc, and the responses to discovery deemed timely submitted.

provided a complete response to the request. To the extent Plaintiff contends he has not received the copies of the grievances, Defendants will be afforded fifteen (15) days within which to provide said copies if they have not already done so.[3]

In Requests #2 and #3, Plaintiff inquires as to whether any inmates, while confined in the Restricted Housing Unit at SCI-Camp Hill, filed any complaints/grievances regarding being assaulted/abused by staff from the year 2003 to date. Defendants first object to these requests as irrelevant because the requests seek information with regard to incidents by all staff, not just Defendants, and also because they focus on incidents occurring in the RHU - whereas Plaintiff's allegations involve the diagnostic and classification center. More importantly, Defendants object to these Requests on the basis that a response to the relevant portions of Plaintiff's requests was previously set forth in response to Request #1. The court agrees.

In Request #4, Plaintiff seeks information as to whether any inmates have been killed while confined to the RHU prior to 2003. While Defendants set forth objections to this request on the basis of relevancy, and the fact that the allegations in Plaintiff's amended complaint focus on his confinement while in the diagnostic and classification unit, they do provide a response to the inquiry by stating that no inmate has died at the hands of a staff member. As such, Plaintiff has received an adequate response.

In Request #5 Plaintiff requests the production by Defendants of his entire medical record from August 13, 2003 to date. In response, Defendants state that these records will be made

---

[3] In response to Plaintiff's argument that the grievances were never provided to him, Defendants state that the Assistant to the Superintendent at SCI-Smithfield contacted Plaintiff and offered to produce the grievances for inspection, but that Plaintiff to date has not contacted her to review them.

available once Plaintiff executes a DC-108 medical release form in accordance with DOC policy regarding production of an inmate's medical records. There is no evidence that Plaintiff has yet executed the required form. As such, he is the one accountable for any delay in receiving the requested documents. For all of the above reasons, Plaintiff's motion to compel challenging Defendants' responses/objections will be granted only to the extent Defendants will be directed to provide copies of the grievances referenced above if they have not already done so. The motion is denied in all other respects.

        C.        Motion for Order for Physical Examination

Plaintiff has filed a motion requesting that the Court appoint an independent medical doctor to conduct a physical examination of him. (Doc. 53.) In support of his request, he cites to Federal Rule of Civil Procedure 35(a). The motion will be denied for the following reasons. Rule 35 is a device whereby the court may order a party, upon good cause shown, to submit to an examination when mental or physical condition is in controversy. Plaintiff misconstrues the purpose of Rule 35 in several regards. First, Plaintiff provides no authority indicating that a court may issue such an order pursuant to Rule 35 at the request of a party for that party's own examination and anticipated use in litigating their action. Further, Plaintiff does not address the issue or provide any authority regarding the compensation of the medical professional for services rendered.

At this stage of the case, the court does not see any need for the appointment of an independent medical doctor. Plaintiff is alleging a claim of excessive force and failure to provide medical treatment stemming back to August 13, 2003. He clearly has existing medical records, as he seeks the production of them via his discovery requests. It thus appears that Plaintiff can marshal medical evidence as to the seriousness of his condition and respond to any dispositive motion that

may be filed by Defendants in this action.  As such, his motion will be denied.

**III.    Order**

**AND NOW, THEREFORE, THIS 16th  DAY OF JULY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Defendants' Motion for Enlargement of Time to Respond to Discovery (Doc. 42) is granted nunc pro tunc.  The responses submitted on December 28, 2006, are deemed timely.

2.  Plaintiff's motion to compel discovery (Doc. 45) is granted only to the extent that Defendants shall provide to Plaintiff copies of the grievances referred to in their response to Request #1 if they have not already done so.  The motion is denied in all other respects.

3.  Plaintiff's Motion for Order directing a physical examination (Doc. 53) is denied.

4.  Plaintiff's Motion for Appointment of Counsel (Doc. 60) is denied.

5.  Discovery in this case shall be completed within thirty (30) days from the date of this Order.  Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

                        S/ Yvette Kane
                        YVETTE KANE, Chief Judge
                        Middle District of Pennsylvania