IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KEITH DANIELS,                      :        CIVIL NO. 1:CV-05-1601
                Plaintiff,          :
                                    :           (Chief Judge Kane)
        v.                          :
                                    :
DONALD KELCHNER, et al.,            :
                Defendants          :


**M E M O R A N D U M**

I.      **Background**

        Keith Daniels, an inmate at the State Correctional Institution at Smithfield (SCI-Smithfield),

Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2005.  The

matter proceeds on an amended complaint filed September 5, 2006.  (Doc. 31.)  Named as

Defendants are the following employees at the State Correctional Institution at Camp Hill, Daniels'

former place of confinement: Terrance T. Rosenberger, Lieutenant; Allan J. Webb, Sergeant; and

Correctional Officers Ray W. Bloor, Larry Twigg, Jeffrey Alba, Walter Cousins, Anthony J.

Alianiello and Derrick A. Zimmerman.  Also named as a Defendant is John Amdrade, Hearing

Examiner.  In the amended complaint Plaintiff alleges that on August 13, 2003, while on his way for

blood work, he was subjected to excessive force by Defendants.  He claims that he was jumped on,

choked, slammed into the ground, punched and kicked at first by Defendants Twigg and Bloor while

the others failed to intervene, and thereafter by all of the Defendants, with the exception of

Amdrade.  He further alleges that he was denied medical treatment for his injuries and issued three

(3) false misconduct reports and deprived of due process with regard to the hearings on the reports,

all for the purpose of covering up the assault.  He further contends that following the assault he was

placed in the solitary confinement unit where he was deprived of food and legal/religious materials,

as well as subjected to unsanitary conditions.[1]

Discovery concluded on November 15, 2007.  Dispositive motions, if any, are to be filed within thirty (30) days from the close of discovery.  Presently pending is Plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 63).  The motion is ripe for disposition. For the reasons that follow, the motion will be denied.

## II.   **Discussion**

### A.   **Legal Standard**

In his motion for injunctive relief, Plaintiff claims he is being denied proper medical care and treatment by unidentified prison officials at SCI-Smithfield, for injuries resulting from the alleged assault on August 13, 2003, while he was confined at SCI-Camp Hill.  Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 US. 1103 (1995).  Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003)(internal citations omitted).  It is the

---

[1]  The conditions alleged by Plaintiff include filth, a blocked toilet, feces on the walls, water stains, no mattress, bedding or toiletries and no clean clothes for two (2) weeks.  He claims he was not fed for two (2) weeks, and then deprived food many times over the remaining six (6) months while housed in this unit.

moving party that bears the burden of satisfying these factors.  (Id.).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 #d Cir. 1989).  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.  The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued.  Id.  Speculative injury does not constitute a showing of irreparable harm.  Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).  Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.  See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)  "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."  In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).  It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL 102610 at *2.

3

B.    **Analysis**

In considering the factors outlined above, it is clear the relief sought by Plaintiff is not warranted.  Defendants argument that Plaintiff cannot show a likelihood of success on the merits is well-taken.  The claim in the instant motion is the lack of adequate medical care from unspecified individuals at SCI-Smithfield, Plaintiff's current place of incarceration.  The claims underlying the amended complaint in this action are the assault and denial of medical care, as well as other claims, all occurring while confined at SCI-Camp Hill.  The Defendants named in this action are all SCI-Camp Hill employees.  As such, since the new claims raised in the instant motion are not the subject of the underlying litigation, an analysis of potential success on the merits is not applicable.

While Plaintiff attempts to link the claims by contending that Defendants are somehow influencing employees at SCI-Smithfield to deprive him of medical care, Defendants submit the declaration of George Weaver, Health Care Administrator at SCI-Smithfield, to counter Plaintiff's unsubstantiated assertions.  (Doc. 72, Weaver Declar.)  The declaration and exhibits attached thereto reveal that even if the claims raised by Plaintiff in his motion were properly before the Court, he does not show he is likely to prevail on the merits.  Attached to the declaration are the medical records of Plaintiff maintained at SCI-Smithfield, which include his medical records while he was at SCI-Camp Hill from August 2003 through January 2004, when he was transferred to SCI-Smithfield.   The records reveal that Plaintiff has been seen by medical personnel on a regular basis for back, neck or leg pain from December 6, 2003 up until the present time.  (Doc. 72, Ex. A ¶ 12.)  While at SCI-Camp Hill, Plaintiff refused medical treatment From August 13, 2003 through November 1, 2003.  (Id. ¶¶ 13, 14.)

Further, since his transfer to SCI-Smithfield, he not only has been seen regularly by the

medical personnel, but he also underwent several diagnostic tests ordered by SCI-Smithfield personnel.  (Id. ¶ 15.)   For example, the records submitted document x-rays taken of the lumbar spine in March of 2004 and December of 2005, indicating minimal degenerative disc disease.  (Id., ¶¶ 16, 18.)  In September of 2006, an MRI  was conducted of the lumbar and thoracic spine which revealed "essentially normal" results.  (Id. ¶ 25. ) Although objective test results have failed to support Plaintiff's complaints of back, neck and leg pain, the records submitted demonstrate that the medical department at SCI-Smithfield have provided Plaintiff with medications over the years for his complaints of pain.  He has been prescribed Elavil, Naprosyn, Prednisone and Parafon Forta.  He is currently taking Naprosyn.  (Id. ¶¶ 26-43.)  Based on the foregoing, it is clear that Plaintiff has been receiving and continues to receive medical treatment at SCI-Smithfield.  Any allegation that the medical records submitted by Defendants are fabricated is totally unsupported.

It is also clear that Plaintiff is unable to demonstrate irreparable harm.  As previously set forth, the feared injury or harm must be more than serious or substantial, it must be of a peculiar nature so that money cannot compensate for the harm.  In the instant case Plaintiff's regular medical care is documented.  He has received and continues to receive tests and medications in response to his complaints of pain.  He has not demonstrated that he will suffer irreparable injury if his motion is denied.  Based on the foregoing, his motion for temporary restraining order/preliminary injunction will be denied.  An appropriate Order follows.

## III.   **Order**

**AND NOW, THEREFORE, THIS 20th  DAY OF NOVEMBER, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 63) is **denied**.

s/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania