IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DANIELS,** | : | CIVIL NO. 1:CV-05-1601 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DONALD KELCHNER, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

    Keith Daniels ("Plaintiff"), an inmate at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2005.  The matter proceeds on an amended complaint filed on September 5, 2006.  (Doc. No. 31.)  Named as Defendants are ten (10) former and current employees at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, Plaintiff's former place of confinement.  The complaint includes claims of excessive force, inadequate medical care, unsanitary living conditions and the denial of food, water, exercise, showers and legal/religious materials.  Presently pending is Defendants' motion for sanctions for Plaintiff's failure to comply with a court order to respond to discovery requests (Doc. No. 97), and Plaintiff's fourth request for the appointment of counsel in this matter (Doc. No. 115).  For the reasons that follow, the motion for sanctions will be granted, and the motion for counsel will be denied without prejudice.

**I.     Background**

    Following service of the amended complaint, Defendants filed answers thereto and the parties began engaging in discovery.  (Doc. Nos. 49, 58.)  On July 17, 2007, an order was issued directing that all discovery be completed within thirty (30) days and any dispositive motions

filed within thirty (30) days from the close of discovery.  (Doc. No. 68.)  On August 7, 2007, Defendants filed a motion to depose Plaintiff, which was thereafter granted by the Court.  (Doc. No. 78.)  On November 14, 2007, a motion filed by Defendants to enlarge the discovery deadline was granted.[1]  The discovery period was extended until December 31, 2007, with any dispositive motions due within thirty (30) days of the close of discovery.  On the same date, Defendants served Plaintiff with Interrogatories and a Request for Production of Documents.  (Doc. No. 97, Exs. B, C.)  Responses to the discovery requests were due on or before December 17, 2007.

On December 28, 2007, Defendants filed a motion to compel discovery because Plaintiff had failed to respond to their discovery requests or seek an enlargement of time within which to do so.  (Doc. No. 87.)  Plaintiff failed to oppose the motion to compel.  As such, on January 22, 2008, the Court ordered Plaintiff to respond to the motion within ten (10) days.  (Doc. No. 89.)  Following the grant of an enlargement of time, Plaintiff responded to the motion to compel by stating that the documents mentioned during his deposition were not in his possession and/or were yet to be acquired, but would be produced for Defendants' review at a mutually convenient time.  (Doc. No. 93.)

On May 30, 2008, the Court issued an order finding Plaintiff's response to the motion to compel to be inadequate, and granting the motion.  Within twenty (20) days, Plaintiff was directed to provide Defendants with complete answers to the interrogatory questions, and to respond to the requests for documents by specifying which documents were not in his possession, who had immediate possession, what documents could be produced immediately and

---

[1] Defendants sought the extension due to Plaintiff's testimony during his deposition that he had certain documents and information pertaining to the issues in this action that were neither with him at the deposition or contained in his inmate filed maintained by the Department of Corrections.

when production of the remaining documents could be expected. (Doc. No. 95.)

Plaintiff failed to respond to the order of May 30, 2008. Defendants then filed the pending motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). (Doc. No. 97.) As relief they seek the dismissal of Plaintiff's action or, in the alternative, an order prohibiting Plaintiff from supporting or disputing any claims or defenses with documents or other information not disclosed in response to Defendants' discovery requests.

## II. Discussion

### A. Motion for Counsel

Pending is Plaintiff's fourth motion seeking the appointment of counsel in this matter. (Doc. No. 115.) In his motion and supporting brief, Plaintiff contends that counsel if necessary because he does not have the ability to present his case and the legal issues involved are complex and "largely turn on credibility determinations." (Doc. No. 115 at 1.) He also claims that counsel is needed because a medical expert will be required at trial.

The Court has previously set forth the well-established factors utilized in making a determination as to whether the appointment of counsel is warranted on behalf of a prisoner in a civil case. (Doc. Nos. 16, 44, 68.) As such, these principles will not be repeated herein. Plaintiff has failed to come forward with any new arguments demonstrating his need for the appointment of counsel in this case. Rather, he advances the same arguments previously considered and rejected by the Court. The docket clearly evidences Plaintiff's ability to litigate this case on his own. Presently pending is a motion for summary judgment filed by Defendants. One of the grounds set forth in support of summary judgment is Plaintiff's failure to exhaust

administrative remedies. Plaintiff has filed his opposition to the motion.[2] As such, any concerns by Plaintiff regarding preparation for trial are premature at this point. For these reasons, as well as the reasons previously set forth by the Court with regard to the denial of Plaintiff's earlier motions for counsel, the instant motion will be denied without prejudice.

**B.      Motion for Sanctions**

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismiss of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii).

In the instant matter, it is undisputed that Plaintiff failed to respond to Defendants' discovery requests and motion to compel discovery. It is further undisputed that after being directed to respond to the motion to compel, and thereafter being afforded additional time within which to do so, Plaintiff submitted an inadequate response prompting the Court's order of May 30, 2008, directing Plaintiff to provide Defendants with complete answers to the outstanding interrogatory questions and document requests. It is undisputed Plaintiff failed to comply with this order.

Whether to impose sanctions for failure to comply with discovery orders is committed to the Court's discretion. See Flaherty v. M.A. Brunder & Sons, Inc., 202 F.R.D. 137, 141 (E.D.

---

[2] The motion for summary judgment will be addressed in a separate Memorandum and Order to be issued by the Court.

Pa. 2001). In exercising this discretion, the Court is guided by the following standards. Any sanction imposed should be just. Further, the sanction must be specifically related to the particular claim or claims at issue in the order to provide discovery violated by the offending party. Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites, 456 U.S. 694, 707 (1982). Within the context of these principles, the Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions. See Estate of Spear v. Commissioner of Internal Revenue, 41 F.3d 103, 111 (3d Cir. 1994). In so doing, the Fed. R. Civ. P. 37(b)(2) provides the court with a variety of sanctions it may impose.

There is no question that Defendants are entitled to some relief. Discovery requests were served upon Plaintiff following remarks he made in his deposition that (1) he wrote letters to Institution officials regarding an alleged grievance that is not in his inmate file maintained by the Department of Corrections and (2) that his sister was investigating the Defendants in this action to find information to support his claims but that Plaintiff could not identify what information she had gathered because it was in her possession. (Doc. No. 99, Ex. A, Daniels Dep. at 110-12, 205-08.) Plaintiff thereafter failed to respond to the discovery requests, or to Defendants' motion to compel with regard to said requests. After being directed to respond to the motion to compel, a completely inadequate response was submitted by Plaintiff. He thereafter failed to respond to the Court's order of May 30, 2008, directing him to provide Defendants with complete responses to the outstanding discovery requests.

In response to Defendants' motion for sanctions, Plaintiff attempts to argue that he was totally taken by surprise to see a motion for sanctions filed by Defendants. He claims that he gave prison officials "one (1) large envelope addressed to Ms. Susan L. Bucknum, Defendant's

counsel" on November 18, 2007, containing his responses to the discovery requests served by Defendants. (Doc. No. 102 at 1.) He maintains that the prison must have failed to mail his responses to the Court. However, Plaintiff's argument is not well-taken in light of the procedural history of this action. If this were the case, Plaintiff would surely have come forth with this argument earlier. In fact, in his response to Defendants' motion to compel filed on February 29, 2008, Plaintiff never raises this argument and merely claims that he is unable to respond to the outstanding discovery requests because the information/documents are not in his possession. (Doc. No. 93.)

In determining what penalty is appropriate, Defendants first urge the Court to dismiss the case in its entirety, with prejudice. Dismissal with prejudice is a drastic sanction which is "to be reserved for cases [where the breaching party exhibits] 'flagrant bad faith' and 'callous disregard' . . . ." Harris v. City of Philadelphia, 47 F.3d 1411 (3d Cir. 1995)(citing Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 866-868 (1984)("[d]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."). The Third Circuit has identified certain factors that the district court must weigh before imposing the "extreme" sanction of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868, 870. These factors are not to be applied mechanically, nor must all the factors be satisfied to dismiss a case. Mindek v. Rigatti, 964 F.2d

1369, 1373 (3d Cir. 1992).  In determining whether the action should be dismissed, the court engages in the weighing of all factors in the context of the complete litigation history, as opposed to finding the existence or non-existence of one factor dispositive.

Balancing the Poulis factors, the Court does not find that dismissal of the action with prejudice is appropriate.  Plaintiff is a pro se litigant and, although he has clearly proven thus far that he is capable of litigating this action on his own, it is conceivable that he does not fully understand the relevance of the statements he made during his deposition and the requirements of responding to discovery requests propounded in response thereto.  Further, any prejudice to Defendants with regard to Plaintiff's failure to respond to the discovery requests appears minimal at this point in light of the fact that they presently have filed a motion for summary judgment wherein one of their arguments is the failure of Plaintiff to exhaust all of his claims.  Next, other than with respect to the instant discovery issue, Plaintiff has not demonstrated a history of delay or contumaciousness in this litigation.  In addition, the allegations of his complaint, if established at trial, would support recovery.  Finally, the Court believes that there exist other sanctions which are less severe than dismissal, but yet effective.

The interests of justice do require some sanction upon Plaintiff, otherwise pro se litigants may believe they can disregard the rules of discovery in litigating a civil action.  Because Plaintiff proceed in forma pauperis in this matter, a monetary sanction does not seem to be the most effective.  The Court finds the most appropriate and effective sanction to be a prohibition on Plaintiff from supporting or disputing any claims or defenses with the information/documents he failed to disclose in response to Defendants' discovery requests pertaining to the statements Plaintiff made during his deposition.  Specifically, to the extent they exist, Plaintiff may not use

(1) any information/documents pertaining to (1) any investigation conducted by his sister regarding his claims against Defendants and (2) any letters he wrote to prison staff with regard to a grievance he allegedly filed in November of 2003, pertaining to his excessive force claim. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH DANIELS,** | : | **CIVIL NO. 1:CV-05-1601** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **DONALD KELCHNER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW, THEREFORE, THIS 18th DAY OF MARCH, 2009,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for the Appointment of Counsel (Doc. No. 115) is **denied, without prejudice**.

2. Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with Court Order to Respond to Discovery (Doc. No. 97) is **granted** in accordance with the accompanying Memorandum. Plaintiff is prohibited from supporting or disputing any claims or defenses with (1) any information/documents pertaining to any investigation conducted by his sister and (2) any letters written to prison staff with regard to a November 2003 grievance he allegedly filed pertaining to his excessive force claim.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania