# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DANIELS, | : | CIVIL NO. 1:CV-05-1601 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DONALD KELCHNER, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

Plaintiff Keith Daniels, an inmate formerly incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, Plaintiff alleges that Defendants, past and present employees at SCI-Camp Hill, subjected him to excessive force, issued false misconducts against him, denied him due process with regard to the resulting misconduct hearings, and denied him adequate medical treatment. (Doc. No. 31.) He further alleges that Defendants deprived him of food, water, exercise, showers and legal/religious materials, as well as subjected him to unsanitary cell conditions. On March 18, 2009, the Court issued a Memorandum and Order in this matter finding that Defendants were entitled to the grant of summary judgment with respect to all claims. (Doc. 128.) Presently pending before the Court is Plaintiff's motion for reconsideration of the Court's March 18, 2009 decision (Doc. No. 130). The motion is fully briefed and, for the reasons that follow, will be denied.

**I.    BACKGROUND**

This action arose from events that occurred during a six (6) month period beginning on August 13, 2003, while Plaintiff was incarcerated at SCI-Camp Hill. The parties are familiar with the allegations set forth by Plaintiff in his amended complaint, and these allegations are fully

detailed in the Court's Memorandum of March 18, 2009. As such, they will not be reiterated herein. It is sufficient for purposes of the pending motion for reconsideration to say that Plaintiff set forth claims with respect to incidents of excessive force by Defendants which occurred on August 12, 2003, and the failure of other Defendants to intervene. Plaintiff also set forth allegations of inadequate medical care following the alleged assault, and being subjected to filthy conditions in the Solitary Confinement Unit cell where he was thereafter housed. Plaintiff sets forth additional allegations with regard to false misconduct reports that were issued to him, as well as challenges to the hearings he received with regarding the reports. Plaintiff contends that for the six (6) month period he was in the SCU, his requests to see a doctor about his injuries from the assault were denied by Defendants and the SCU guards. He states that he now walks with a limp and is unable to play sports, run or exercise. Further, he suffers from headaches as well as back, leg and neck pain. (Id. at 14.) Plaintiff seeks injunctive, declaratory and compensatory relief.

In moving for summary judgment, Defendants claimed that Plaintiff failed to exhaust his administrative remedies with respect to each of his claims. In the alternative, they claimed that the undisputed record warranted the entry of summary judgment with respect to each of the claims. After carefully examining the record, the Court agreed with Defendants, and found the exhaustion argument dispositive of the summary judgment motion.

In the Memorandum of March 18, 2009, the Court set forth a thorough discussion of the exhaustion requirement as mandated by 42 U.S.C. § 1997e(a), as well as the body of controlling legal precedent which defines the requirement of exhaustion pursuant to § 1997e(a). Defendants submitted evidentiary materials in support of their argument that Plaintiff failed to exhaust which

2

included the declaration made under penalty of perjury of Leilani Sears, an Administrative Officer in the Secretary's Office of Inmate Grievances and Appeals. (Doc. No. 107, Ex. 15, Sears Decl.) Exhibits were also submitted in support of the statements set forth in the declaration. (Id., Ex. B-E.) Also submitted by Defendants were portions of Plaintiff's own deposition transcript. (Doc. No. 107, Ex. 1, Daniels Dep.; Doc. No. 125, Supp. Ex., Daniels Dep.)

These submissions set forth the steps required to be taken by Plaintiff in attempting to exhaust his claims, as well as a detailed analysis with respect to each of the twelve (12) grievances Plaintiff had filed since he began the August 12, 2003, term of imprisonment. Based upon these materials, Defendants maintained that there existed no record of Plaintiff exhausting the instant claims.

In response to Defendants' motion, Plaintiff submitted his opposing brief with attached exhibits, his own declaration made under penalty of perjury and a statement of disputed facts. (Doc. Nos. 119-121.) The statement of disputed facts failed to set forth any information with respect to the issue of exhaustion or the filing of grievances. In his opposing brief, Plaintiff admitted that he did not exhaust administrative remedies, but claimed that Defendants deprived him of the opportunity to file grievances. None of the exhibits submitted with the opposing brief had any relevance to or created an issue of fact with respect to the exhaustion issue. Plaintiff's own declaration consisted of unsupported reassertions of the allegations in his complaint.

After considering the record as a whole, the Court found that Plaintiff's attempt to circumvent the exhaustion obligation by arguing that Defendants refused to provide him with a grievance form to be completely lacking in evidentiary support, including his own deposition testimony. The record was found to be replete with instances where Plaintiff attempted to create

issues of fact by setting forth unsupported allegations. For these reasons, summary judgment was awarded to Defendants on the basis of Plaintiff's failure to exhaust administrative remedies.

## II. Motion for Reconsideration Standard

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Daniels fails to demonstrate any of the applicable grounds for reconsideration. He has not filed his motion for reconsideration to set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact. While he couches his motion for reconsideration in terms of "[t]he Court's reason for granting summary judgment is based on a misrepresentation, and or misapplication of the facts and law, as it applies to the exhaustion of administrative remedies," (Doc. No. 130 at 1), he simply restates arguments previously advanced that have already been considered and rejected by the Court. While Plaintiff may "disagree" with the Court's Memorandum and Order of March 18, 2009, this disagreement, without more, is certainly not a basis for granting reconsideration. Plaintiff focuses much of his argument on the exception that exists to the exhaustion requirement. However, the Court's opinion clearly reveals that this argument was thoroughly analyzed in light of the record before the Court and controlling summary judgment principles. Accordingly, the motion for reconsideration will be denied. An appropriate Order will issue.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DANIELS,** | : | CIVIL NO. 1:CV-05-1601 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DONALD KELCHNER, et al.,** | : | |
| **Defendants** | : | |

# **ORDER**

**AND NOW**, this 3rd day of February, 2010, and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 130) is **denied**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania
